Roger B. Frederickson (SBN 161773)
Caroline O. Burgess (SBN 227835)
FREDERICKSON LAW GROUP
755 Santa Rosa Street, Suite 300
San Luis Obispo, CA 93401
Phone: (805) 541-4900
Fax:    (805) 617-1827
Email: Roger@Frederickson-Law.com

Attorney for Plaintiffs, TROMBLEY ENTERPRISES, LLC
dba TROMBLEY PAINTING COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE

| | |
|---|---|
| THE UNITED STATES OF AMERICA, for the use and benefit of TROMBLEY ENTERPRISES, LLC, dba as TROMBLEY PAINTING COMPANY, a California Limited Liability Company,<br><br>Plaintiff.<br><br>vs.<br><br>SAUER, INC., a Pennsylvania corporation, SAUER GROUP, INC., an Ohio corporation, FEDERAL INSURANCE COMPANY, an Indiana corporation,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>(1) RECOVERY ON MILLER ACT PAYMENT BOND;<br>(2) NEGLIGENCE;<br>(3) BREACH OF CONTRACT;<br>(4) ACCOUNT STATED;<br>(5) OPEN BOOK ACCOUNT;<br>(6) WORK, LABOR, AND MATERIALS, and, in the alternative;<br>(7) QUANTUM MERUIT<br><br>**JURY TRIAL DEMANDED** |

Use-Plaintiff and Plaintiff, Trombley Enterprises, LLC dba Trombley Painting Company alleges as follows:

///

////

---

COMPLAINT

1

## PARTIES

1. TROMBLEY ENTERPRISES, LLC dba TROMBLEY CONSTRUCTION COMPANY (herein "TPC"), is, and at all times relevant was, a sole proprietorship operating and existing under the laws of the State of California engaged in the business of providing painting services and is licensed by the State of California to perform as described in this Complaint.

2. Upon information and belief, SAUER, INC. (herein "SI") is, and at all times relevant was, a corporation operating and existing under the laws of the State of Pennsylvania with a principal place of business at 11223 Phillips Pkwy Dr. E, Jacksonville, Florida, 32256.

3. Upon information and belief, SAUER GROUP, INC. (herein "SGI") is, and at all times relevant was, a corporation operating and existing under the laws of the State of Ohio with a principal place of business at 1801 Lone Eagle St, Columbus, OH 43238, and is a subsidiary corporation of SI.

4. Upon information and belief, FEDERAL INSURANCE COMPANY (herein "SURETY") is, and at all times relevant was, a corporation issuing bonds pursuant to the Miller Act, and operating and existing under the laws of the State of Indiana, with a principal place of business at 251 North Illinois, Suite 1100, Indianapolis, IN 46204.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this action under 28 U.S.C. § 1331 because this action is filed pursuant to the Miller Act, 40 U.S.C. §§ 3131-3134.

6. Upon information and belief, this Court has jurisdiction pursuant to 28 U.S.C.A. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and fees.

7. Upon information and belief, venue is proper in this District, pursuant to the Miller Act, 40 U.S.C. §§ 3131-3134, because the contract was performed and executed in this District.

///

///

## COMMON FACTUAL ALLEGATIONS

8. On or about February 6, 2014, SI was awarded contract number W912QR-14-C-0006 (herein "Prime Contract") by the United States Army, Corps of Engineers (herein "Government") to design and build the Operational and Readiness Training Complex at Fort Hunter Liggett Army base, California (herein "Project"). A true and correct copy of the Prime Contract is attached at **Exhibit 1**. Due to extensive length of the Prime Contract, only a relevant portion is attached.

9. TPC is informed, believes, and therefore alleges that pursuant to 40 U.S.C. §§ 3131-3134, SI, as principal, and SURETY executed a payment bond, bond number 8232-37-73 (herein "Payment Bond"), securing payment for labor and materials supplied to the Project. A true and correct copy of the Payment Bond is attached at **Exhibit 2**.

10. TPC is informed, believes, and therefore alleges that SI committed to the Government in their contract proposal, confirmed by the Prime Contract, to self-perform 15% of the Prime Contract amount. SI listed their affiliated company, SGI, as the entity to self-perform the mechanical portion of the contract, estimated at approximately $10,000,000.

11. TPC is informed, believes, and therefore alleges that on or about June 16, 2014, SI entered into a subcontract agreement with SGI for the subcontract work of painting (herein "Group Subcontract"). A true and correct copy of the Group Subcontract is attached as **Exhibit 3**.

12. TPC is informed, believes, and therefore alleges that SGI subcontracted the majority of their responsibility for the painting work to TPC, which was subcontracted to others.

13. TPC is informed, believes, and therefore alleges that SGI did not actually perform any work on the Project, or performed only de minimus work on the Project, with their own forces.

14. TPC is informed, believes, and therefore alleges that on or about June 1, 2015 SGI and TPC entered into a painting subcontract for the Project (herein "TPC Subcontract") for $516,975.00. The TPC Subcontract is attached at **Exhibit 4**.

15. TPC is informed, believes, and therefore alleges that SGI demanded, because of SI and SGI's self-performance requirements under the Prime Contract, that the TPC Subcontract be reduced by the amount of labor SGI would supply to TPC, up to $800,000 and the equipment and services SGI would purchase directly for TPC's scope of work. Thus, the effective TPC Subcontract was $516,975.00. TPC was to remain responsible for all administration and performance of the SGI "Self-Performance" work.

16. TPC is informed, believes, and therefore alleges that the TPC Subcontract expressly provides for prevailing party attorney fees. Section 11.5 of the TPC Subcontract provides, in relevant part:

> *"The prevailing party in any arbitration or legal proceeding arising out of or relating to this Agreement or its breach shall be entitled to recover from the other party reasonable costs, and expenses incurred by the prevailing party in connection with such arbitration or legal proceedings"*

## COUNT ONE

(Recovery on Miller Act Payment Bond Against SURETY, and SI)

17. The allegations set forth in the preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

18. TPC is informed, believes, and therefore alleges that the Payment Bond insures to the benefit of TPC.

19. TPC is informed, believes, and therefore alleges that TPC has fully performed all obligations required to be performed by it under the TPC Subcontract and under the Payment Bond, or TPC was otherwise legally excused or prevented from performance, and all of the conditions precedent to performance on the part of SURETY and SI have occurred.

20. TPC is informed, believes, and therefore alleges that TPC Subcontract provides for zero retention.

21. TPC is informed, believes, and therefore alleges that SURETY and SI have failed and refused to perform their obligations under the TPC Subcontract and the Payment Bond, in that

TPC has not been paid in full and is still owed at least $1,045,234.14 for the value of labor, services, materials, equipment, and supplies furnished to the Project.

22. TPC is informed, believes, and therefore alleges that TPC last furnished labor, services, materials, equipment, or supplies to the Project in or about March 23, 2017, within one year preceding the date this complaint was filed.

23. TPC is informed, believes, and therefore alleges that a period of 90 days has now elapsed since TPC last furnished labor, services, materials, equipment, or supplies for the Project.

24. TPC is informed, believes, and therefore alleges that on or about April 4, 2017, within 90 days of March 23, 2017, TPC provided 90-day preliminary notices pursuant to 40 U.S.C. § 3133(b)(2).

25. TPC is informed, believes, and therefore alleges that as a result of SURETY and/or SI's failure and refusal to pay TPC, TPC has been damaged in the amount of at least $1,045,234.14, along with compensatory and consequential damages, together with interest at the maximum legal rates from dates according to proof.

## COUNT TWO

(Negligent Administration of Construction Project Against SI)

26. The allegations set forth in the preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

27. TPC is informed, believes, and therefore alleges that Building Information Modeling (herein "BIM") coordination was part of the deliverables SI was required to provide in the Prime Contract.

28. TPC is informed, believes, and therefore alleges that BIM is a 3-dimensional design/construct system that digitally shows representations of physical and functional characteristics of a building to be constructed, among other applications. The intent of BIM is to build a facility digitally first before actual construction. Thus, interferences between trade subcontractor planned installations can be digitally vetted prior to actual construction. The interferences are called "Clashes" in the BIM process.

29. BIM coordination lowers the field labor costs of all trades, and specifically mechanical construction, by saving rework time, standby and moving time, delays, and material costs in the range of 30% with BIM coordinated bids. Thus, the anticipated costs for mechanical labor are 30% lower with BIM coordination compared to non-BIM projects.

30. TPC is informed, believes, and therefore alleges that Amendment No. 9 to the Prime Contract specified, in section 01-03-00.0048 titled "Design Submission Requirements After Award," par. N.5.4.3:

31. "Use of the Army Reserve BIM data set is required. The Army Reserve requires design documents and as built documents that incorporates Tri Forma BIM Technology."

32. TPC is informed, believes, and therefore alleges that SI committed to BIM coordination with the Government as well as with bidding subcontractors, specifically TPC.

33. TPC is informed, believes, and therefore alleges that SGI denies any responsibility to provide BIM services to TPC. SGI asserted to TPC that TPC was not owed a duty under the subcontract by SGI but rather that duty belonged to "others."

34. TPC is informed, believes, and therefore alleges that "others" is specifically SI.

35. TPC is informed, believes, and therefore alleges that after getting the benefit of lower prices, SI provided less than full BIM coordination, generally ignoring the mechanical trade.

36. SI, as general contractor, owed to TPC a duty to supervise the Project, including, but not limited to, the provision of BIM services, with the standard of care used by similar professionals in the community under similar circumstances.

37. Throughout the Project, SI violated this duty by negligently supervising the Project; by providing incomplete, untimely, unworkable, inaccurate and defective BIM; by failing to adequately supervise their professional staff in the performance of their duties; failing to timely and properly respond to the identification of defects and Requests for Information; failing to suspend work pending correction of clashes; and failing to provide TPC with timely and accurate information regarding resolution of design issues on the Project.

///

38. As a direct and proximate result of the negligence of SI, TPC has incurred, and continues to incur, significant damages that include, but are not limited to, increased subcontract costs; increased costs of performance; additional costs resulting from delayed performance of TPC's work; and other damages.

39. TPC brings this action for negligence against SI due to the allegation by SGI that such negligence is not the responsibility of SGI but, rather, an independent duty of "others."

40. The damages suffered by Contractor are a foreseeable consequence of the negligence of SI.

## COUNT THREE

(Breach of Contract against SGI and SURETY)

41. The allegations set forth in the preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

42. Pursuant to the terms and provisions of the TPC Subcontract, TPC provided labor, equipment, materials, and services and incurred costs and expenses in the performance of said services, all of which SGI agreed to pay.

43. TPC is informed, believes, and therefore alleges that SGI caused numerous and continuous changes to the sequence and order of the work, caused delays in access to the work coupled with later accelerations of the work, failed to competently manage the Project, failed to properly administer the schedule, failed to pay progress payments when due, overcharged for work intended for SGI's self-performance, failed to approve change orders, failed to respond to Requests For Information, wrongfully retained subcontract moneys owed to TPC, wrongfully assessed Liquidated Damages against TPC, and caused a multitude of other disruptions that resulted in cost overruns on labor, material, and equipment by TPC, all of which resulted in additional costs to TPC in an amount in excess of $1,045,234.14.

44. TPC is informed, believes, and therefore alleges that BIM is a contractual responsibility of SGI, and the BIM failure constitutes a breach of the TPC Subcontract by SGI.

///

45. TPC is informed, believes, and therefore alleges that despite TPC's best efforts to efficiently perform its work, the completion date for the TPC Subcontract was delayed through no fault of TPC. TPC is informed and believes and thereon alleges that the delay in completing the Project was caused by, inter alia, SGI's failure to timely and adequately schedule the various trades on the Project and SGI's failure to properly administer the Project. All of these failures resulted in a breach of the TPC Subcontract by SGI.

46. TPC is informed, believes, and therefore alleges that on or about March 8, 2016, and thereafter, SGI breached the TPC Subcontract as set forth above and additionally, by including but not limited to, failing and refusing to pay TPC the amounts due as set forth above. SGI still refuses to pay the amounts due TPC for services, labor, and equipment and materials that TPC provided to the Project.

47. TPC in informed, believes, and alleges that pursuant to the Payment Bond, SURETY and SGI are jointly and severally liable for the damages sustained by TPC.

### COUNT FOUR

(Account Stated against SGI and SURETY)

48. The allegations set forth in the preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

49. TPC is informed, believes, and therefore alleges that within the past four years, SGI has become indebted to TPC because an account was stated in writing by and between SGI and TPC, in which it was agreed that SGI would be indebted to TPC.

50. TPC is informed, believes, and therefore alleges that the sum of $1,045,234.14, which is the reasonable value of services and materials provided by TPC to SGI, invoiced by TPC to SGI, exclusive of claims, plus prejudgment interest in the maximum rate permitted by law, is due and unpaid despite TPC's demands.

### COUNT FIVE

(Open Book against SGI and SURETY)

51. The allegations set forth in the preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

52. TPC is informed, believes, and therefore alleges that within the past four years, SGI has become indebted to TPC on an open book account for money due in the sum of $1,045,234.14, invoiced by TPC to SGI, exclusive of claims. Demand has been made on SGI for the above-mentioned sum, but they have failed and refused and continue to fail and refuse to pay TPC.

53. The sum of $1,045,234.14, plus prejudgment interest in the maximum rate permitted by law, is due and unpaid despite TPC's demands.

## COUNT SIX

(For Work, Labor, and Materials against SGI and SURETY)

54. The allegations set forth in the preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

55. TPC is informed, believes, and therefore alleges that within the past four years, SGI has become indebted to TPC for money due in the sum of $1,045,234.14, which is the reasonable value of labor, work and materials provided by TPC for the benefit of and at the special request of SGI. Demand has been made on SGI for the above-mentioned sum, but they have failed and refused and continue to fail and refuse to pay TPC.

56. The sum of $1,045,234.14, plus prejudgment interest in the maximum rate permitted by law, is due and unpaid despite TPC's demands.

## COUNT SEVEN

(Quantum Meruit against SGI and SURETY)

57. The allegations set forth in the preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

58. In the alternative, TPC is informed, believes, and therefore alleges that on or about February 24, 2017, SGI breached the TPC Subcontract by failing to pay TPC for reasonable remuneration for the value of services provided in the amount of $1,045,234.14, which represents damages sustained by TPC for delays and impacts caused by the SI and SGI and/or its agents and/or other Subcontractors, and there is now due, owing and unpaid, a balance in excess of $4,574,138.00 plus interest at a legal rate.

59. TPC is informed and believes and thereon alleges that, as a direct and proximate result of said breaches of the TPC Subcontract and SGI's failure and refusal to compensate TPC for reasonable remuneration for services provided as a result of the above-mentioned delays, TPC has been damaged in the amount in excess of $4,574,138.00 plus interest and in such additional sums resulting from said refusal to pay TPC.

60. As a result of SURETY's and SGI's failure and refusal to pay TPC, TPC has been damaged in the amount of at least $4,574,138.00, together with interest at the maximum legal rates from dates according to proof.

**PRAYER FOR RELIEF**

61. WHEREFORE, the United States of America, for the use and benefit of TPC, and TPC, pray for judgment as follows:

**ON THE FIRST CLAIM FOR RELIEF AGAINST FEDERAL INSURANCE COMPANY AND SAUER, INC.:**

62. For general, special, and consequential damages in an amount according to proof in favor of TPC, together with interest provided by law and according to proof at trial;

63. For attorneys' fees and costs as permitted by law;

**ON THE SECOND CLAIM FOR RELIEF AGAINST SAUER, INC.:**

64. For general, special, and consequential damages in an amount according to proof at trial in favor of TPC, together with interest provided by law and according to proof at trial;

65. For costs of suit incurred, as permitted by law;

**ON THE THIRD CLAIM FOR RELIEF AGAINST SAUER GROUP, INC. and FEDERAL INSURANCE COMPANY:**

66. For general, special, and consequential damages in an amount according to proof at trial in favor of TPC, together with interest provided by law and according to proof at trial;

67. For attorneys' fees and costs as permitted by law;

**ON THE FOURTH CLAIM FOR RELIEF AGAINST SAUER GROUP, INC. and FEDERAL INSURANCE COMPANY:**

68. For the principal sum of $1,045,234.14, together with interest at the legal rate;

Frederickson Law Group
755 Santa Rosa Street, Ste. 300
San Luis Obispo, CA 93401
805-541-4900

69.    For attorneys' fees and costs as permitted by law;

**ON THE FIFTH CLAIM FOR RELIEF AGAINST SAUER GROUP, INC. and FEDERAL INSURANCE COMPANY:**

70.    For the principal sum of $1,045,234.14, together with interest at the legal rate;

71.    For attorneys' fees and costs as permitted by law;

**ON THE SIXTH CLAIM FOR RELIEF AGAINST SAUER GROUP, INC. and FEDERAL INSURANCE COMPANY:**

72.    For the principal sum of $1,045,234.14, together with interest at the legal rate;

73.    For attorneys' fees and costs as permitted by law;

**ON THE SEVENTH CLAIM FOR RELIEF AGAINST SAUER GROUP, INC. and FEDERAL INSURANCE COMPANY:**

74.    For the reasonable value of the benefits conferred by TPC to SGI at its insistence, in an amount according to proof at trial in favor of TPC, together with interest provided by law and according to proof at trial;

75.    For costs of suit incurred;

**ON ALL CLAIMS FOR RELIEF:**

76.    For interest at the maximum legal rates from dates according to proof;

77.    For costs of suit incurred;

78.    For attorneys' fees and costs as permitted by law; and

79.    For any and all relief as the Court may deem equitable, just, and proper.

**PLAINTIFFS HEREIN DEMAND A JURY.**

Dated: 8/7/2017                FREDERICKSON LAW GROUP

_____ For Roger Frederickson
Roger B. Frederickson, Attorneys for the
Plaintiff, TROMBLEY ENTERPRISES, LLC dba
TROMBLEY PAINTING COMPANY