United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TROMBLEY ENTERPRISES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAUER, INC., et al.,<br><br>Defendants. | Case No. 5:17-cv-04568-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS TROMBLEY'S SECOND AMENDED COMPLAINT AND TO STRIKE**<br><br>Re: Dkt. No. 47 |

I. INTRODUCTION

This lawsuit arises out of the construction of the Operational Readiness Training Complex at Fort Hunter Liggett, United States Army Combat Support Training Center, located in Monterey County, California ("Project"). The Army Corp of Engineers awarded a contract to Sauer, Inc. ("Sauer") to design and build the Project. Sauer entered into a subcontract with Plaintiff Trombley Enterprises, LLC, dba Trombley Painting Company ("Trombley") to perform painting and related work on the Project. Pending before the Court is Sauer's motion to dismiss counts two through four of the Second Amended Complaint ("Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and to strike portions of the Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. The Court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, Sauer's motion is granted with leave to amend.

Case No.: 5:17-cv-04568-EJD
ORDER GRANTING MOTION TO DISMISS AND TO STRIKE
1

## II. BACKGROUND[1]

In February of 2014, the Army Corp of Engineers awarded a contract to Sauer to design and build the Project. Complaint ¶ 7. Sauer and Defendant Federal Insurance Company ("Federal") executed a payment bond securing payment for labor and materials supplied to the Project. *Id*. ¶ 8. On June 1, 2015, Sauer and Trombley entered into a painting subcontract for the Project for $516,975.00. *Id*. ¶ 9, Exhibit 3. Two days later, Sauer provided its subcontractors, including Trombley, with the project schedule(s). *Id*. ¶ 11, Exhibit 4. The schedule specified an "Early Start" date of April 29, 2015 and a completed date approximately nine months later. *Id*. ¶¶ 11, 20. A couple weeks later, Sauer provided its subcontractors with an updated project schedule which indicated that Trombley was to commence work in June of 2015. *Id*. ¶¶ 12, 13.[2]

Over the next several months, Trombley sent several emails to Sauer asking Sauer to provide an expected start date. *Id*. ¶¶ 13-15. Sauer never responded and Trombley removed its crews and equipment from the job site. *Id*. ¶ 14. On February 12, 2016, Sauer directed Trombley to begin painting and to complete the work within four to five months. *Id*. ¶¶ 16, 20. When Trombley objected, Sauer agreed to pay additional expenses related to the compressed schedule. *Id*. ¶ 17.

In order to meet the compressed schedule, Trombley's principal, Steve Trombley, borrowed against his personal assets to pay for additional manpower and equipment. *Id*. ¶ 17, 19-20. Despite directing Trombley to increase manpower to meet the compressed schedule, Sauer refused to execute change orders for the additional costs. *Id*. ¶ 20. Sauer's mismanagement of the trades also caused Trombley to incur additional costs in manpower and overtime. *Id*. ¶¶ 21-22. Sauer also made a false claim against Trombley's surety bond, which prevented Trombley from competing for additional work. *Id*. ¶ 22. Notwithstanding these challenges, Trombley completed the work on the Project on time. Id. ¶ 17.

---

[1] The Background is a summary of the allegations in the Complaint.
[2] The updated project schedule is not attached to the Complaint.

Case No.: 5:17-cv-04568-EJD
ORDER GRANTING MOTION TO DISMISS AND TO STRIKE
2

Trombley asserts claims for recovery on a Miller Act Payment Bond (count 1), breach of contract (count 3), and breach of the covenant of good faith and fair dealing (count 4) against Surety and Sauer; and negligent misrepresentation (count 2), account stated (count 5), open book (count 6),"Work, Labor and Materials" (count 7) and quantum meruit (count 8) against Sauer. Dkt. Nos. 38, 45. Trombley contends that Sauer owes at least $1,045,234.14 for labor, services, materials, equipment, and supplies furnished by Trombley for the Project.

## III. STANDARDS

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed if it fails to state a claim upon which relief can be granted. In deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." *Hal Roach Studios, Inc. v. Richard Feiner & Co*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). In considering a motion pursuant to Rule 12(b)(6), the court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (internal citations omitted); *see also* Fed. R. Civ. P. 8(a).

## IV. DISCUSSION

Sauer and Federal move to strike Exhibit 5 to the Complaint, entitled "Trombley Painting/Sauer –Timeline of Communications," on the grounds that the document is not a "written instrument" permitted to be attached to a pleading pursuant to Rule 10(c) of the Federal Rules of Civil Procedure. Sauer moves to dismiss Trombley's claim for negligent misrepresentation for failure to allege facts with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. Sauer also moves to dismiss the claim for breach of the implied covenant of good faith and fair dealing for failure to allege breach of a duty independent of the parties' subcontract. Lastly, Federal moves to dismiss the claims for breach of contract and breach of the implied covenant of good faith and fair dealing because Federal is not alleged to be a party to any contract

Case No.: 5:17-cv-04568-EJD
ORDER GRANTING MOTION TO DISMISS AND TO STRIKE
3

with Trombley.

A. Motion to Strike Exhibit 5

Rule 10(c) of the Federal Rules of Civil Procedure only permits the incorporation of a legally operable "written instrument" to the complaint, such as a contract, check, letter or affidavit. *Dichter-Mad Family Partners, LLP v. United States*, 707 F. Supp. 2d 1016, 1019 (C.D. Cal. 2010); *but see In re MannKind Securities Actions*, 835 F. Supp. 2d 797, 821 (C.D. Cal. 2011) ("there exists 'no inflexible rule' governing the sort of 'written instruments' that may be attached to a pleading").

Exhibit 5 is a summary of Trombley's version of events and communications between Trombley and Sauer. Citing *City of Pontiac Policeman's and Firemen's Retirement System v. UBS AG*, 752 F.3d 173, 179 (2nd Cir. 2014), Trombley contends that Exhibit 5 should be incorporated into the Complaint because it is a document that Trombley "possessed or knew about and upon which [Trombley] relied in bringing the suit" and is "integral" to the Complaint. *See International Audiotext Network, Inc. v. American Tel. and Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (a court may consider a document "integral" to the complaint).

The caselaw relied upon by Trombley suggests that the Court has discretion to treat Exhibit 5 as incorporated into the Complaint. The Court nevertheless declines to do so. "Common exhibits to complaints include agency decisions, contracts, patents, correspondence, and the like." *U.S. v. Erie County*, 724 F. Supp. 2d 357, 367 (W.D. N.Y. 2010). Trombley's Exhibit 5 is clearly distinguishable: it is a 23-page document that appears to have been created for purposes of litigation and is filled with facts that are ordinarily found in the body of a complaint. To permit incorporation of Exhibit 5 into the Complaint would "make[] it unnecessarily difficult for [Sauer] to decipher the scope of the allegations underlying each claim." *Id*. Exhibit 5 is accordingly stricken.

B. Negligent Misrepresentation

The elements of negligent misrepresentation are "(1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to

Case No.: 5:17-cv-04568-EJD
ORDER GRANTING MOTION TO DISMISS AND TO STRIKE
4

induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages." *Fox v. Pollack*, 181 Cal. App. 3d 954, 962 (1986). Claims for negligent misrepresentation must meet the particularity requirement of Rule 9(b) of the Federal Rules of Civil Procedure. *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101 (C.D. Cal. 2003). To satisfy Rule 9(b), claims sounding in fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). In other words, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.1997)).

Here, Trombley alleges that Sauer made misrepresentations regarding the schedules for the Project and that the schedules "were inaccurate in light of the fact that [Sauer] caused numerous and continuous changes to the sequence and order of the work and caused delays in access to the work coupled with later accelerations of the work." Complaint ¶ 34. Trombley alleges that Sauer "reaffirmed these misrepresentations by providing assurances that the Project would be brought into schedule." *Id*. These generalized allegations fail to provide the "who, what, when, where and how" of the alleged misconduct.

Nor does Exhibit 5, which has been stricken, provide the "who, what, when, where and how" of the alleged misconduct. Exhibit 5 describes a series of communications between the parties over the course of many months. There are over a hundred fifty communications listed in Exhibit 5. Nowhere in the Complaint does Trombley specify which of these many communications contains a misrepresentation, much less allege facts to establish the remaining elements for a claim of negligent misrepresentation. The negligent misrepresentation claim is

Case No.: 5:17-cv-04568-EJD
ORDER GRANTING MOTION TO DISMISS AND TO STRIKE
5

therefore dismissed with leave to amend.³

C. Breach of the Implied Covenant of Good Faith and Fair Dealing against Sauer

"Every contract imposes on each party a duty of good faith and fair dealing in each performance and in its enforcement." *Careau & Co. v. Security Pacific Business Credit, In*c., 222 Cal. App. 3d 1371, 1393 (1990) (citing Rest. 2d, Contracts, §205 and collecting cases). "The implied covenant protects the reasonable expectations of the contracting parties based on their mutual promises." *Digerati Holdings, LLC v. Young Money Entertainment, LLC*, 194 Cal. App. 4th 873, 885 (2011). The implied covenant "imposes upon each party the obligation to do everything that the contract presupposes they will do to accomplish its purpose." *Id*. (quoting *Schoolcraft v. Ross*, 81 Cal. App. 3d 75, 80 (1978)). "Both the duty not to hinder and the duty to cooperate are aspects of the implied duty of good faith and fair dealing." *Metcalf Const. Co. v. United States*, 742 F.3d 984 (Fed. Cir. 2014) (quoting *Precision Pine & Timber, Inc. v. United States*, 596 F.3d 828, 820 n. 1 (Fed. Cir. 2010).

A breach of the implied covenant involves "something beyond breach of the contractual duty itself." *Careau*, 222 Cal. App. 3d at 1394; *see also California Shoppers, Inc. v. Royal Globe Ins. Co.*, 175 Cal. App. 3d 1, 54 (1985) ("the authorities hold that breach of the implied covenant of good faith and fair dealing involves something beyond breach of the contractual duty itself"). "Thus, allegations which assert such a claim must show that the conduct of the defendant, whether or not it also constitutes a breach of a consensual contract term, demonstrates a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement." *Careau,* 222 Cal. App. 3d at 1395. "Just what conduct will meet these criteria must be determined on a case by case basis and will depend on the

---

³ Because Trombley has failed to allege sufficient facts to establish a negligent misrepresentation claim, it is unnecessary for the Court to address at this time Sauer's separate contention that the parties' subcontract bars Trombley from recovering tort damages.

Case No.: 5:17-cv-04568-EJD
ORDER GRANTING MOTION TO DISMISS AND TO STRIKE
6

contractual purposes and reasonably justified expectations of the parties." *Id.*

Here, Trombley alleges that Sauer breached the covenant of good faith and fair dealing by engaging in the following acts:

> failing to respond to [Trombley's] inquiries regarding scheduling, providing [Trombley] with an unworkable schedule in order to complete the Project, failing to coordinate the work of the other trades on the Project, failing to competently manage the Project, failing to properly administer the schedule, failing to pay progress payments when due, failing to approve change orders, providing a severely compressed timeline for [Trombley] to complete the Project, misrepresenting the schedules and timelines of the Project, causing delays in access to the work coupled with later accelerations of the work, stacking trades on the Project which prevented [Trombley] from completing its work (or requiring it to remobilize to complete the work), causing numerous and continuous changes to the sequence and order of the work which caused damage to [Trombley's] finished work, wrongfully assessing Liquidated Damages against [Trombley] and failing to pay [Trombley] in full for the costs it incurred on the Project.

Complaint ¶ 54. These allegations substantially overlap with the allegations in support of Trombley's claim for breach of contract. It is unclear what, if any, of Sauer's conduct "involves something beyond breach of the contractual duty itself." The breach of implied covenant claim is therefore dismissed with leave to amend.

D. Claims against Federal

Federal moves to dismiss the claims for breach of contract and breach of the implied covenant of good faith and fair dealing, arguing that there is no direct contractual relationship between Federal and Trombley to support such claims. Trombley does not deny that there is no contractual relationship. Instead, Trombley contends that Federal executed a bond securing payment for labor and materials supplied to the Project, and the bond provides coverage to Trombley.

In response, Federal does not dispute, and indeed acknowledges, that that it may be liable on the bond. Dkt. No. 51, p. 5. Federal does not seek dismissal of Trombley's Miller Act claim. At issue is solely whether Federal may be held liable beyond the bond for breach of contract and breach of the implied covenant. Trombley has not cited, and this Court is unaware, of any

Case No.: 5:17-cv-04568-EJD
ORDER GRANTING MOTION TO DISMISS AND TO STRIKE
7

statutory or other legal authority that expands Federal's liability in the manner Trombley proposes. Rather, the limited caselaw cited by Federal holds a surety cannot be held liable beyond the express terms of the performance bond. *See Cates Construction, Inc. v. Talbot Partners*, 21 Cal.4th 28, 39-41 (1999) ("where a bond incorporates another contract by an express reference thereto, 'the bond and the contract should be read together and construed fairly and reasonably as a whole according to the intention of the parties.'"). Further, at least one district court has held that under California law, a subcontractor does not have a cause of action on a Miller Act project against a surety for breach of the covenant of good faith and fair dealing. *See U.S. for Benefit and Use of Ehmcke Sheet Metal Works v. Wausau Ins. Companies*, 755 F. Supp. 906, 909-914 (E.D. Cal. 1991); *see also Cates*, 21 Cal.4th at 60 (tort recovery is not available for breach of the implied covenant of good faith and fair dealing in the context of a construction performance bond). The claim for breach of contract against Federal is accordingly dismissed with leave to amend, and the claim of breach of the implied covenant of good faith and fair dealing against Federal is dismissed without leave to amend.

## V.  CONCLUSION

For the reasons set forth above, Sauer's motion to dismiss and to strike are GRANTED. Trombley may file an amended complaint consistent with this Order no later than October 1, 2018.

**IT IS SO ORDERED.**

Dated:   September 17, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-04568-EJD
ORDER GRANTING MOTION TO DISMISS AND TO STRIKE
8